IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD JACKSON, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 22-1244 |
| v. | ) Judge Nora Barry Fischer |
| SPINNAKER INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON EQUITABLE ESTOPPEL**

Plaintiff, in his Proposed Jury Instructions and Jury Verdict Slip (Docket No. 123 at ¶ 16; Docket No. 125 at ¶ 1) and his Trial Brief (Docket No. 128 at pp. 1-2)[1], asserted for the first time an entitlement to equitable estoppel on grounds that Defendant's "own rules and procedures . . . required [Defendant, through its property inspector] to confirm that the insured had moved in and begun to reside in the insured premises." Plaintiff asserts that Defendant's exercise of its right to inspect the property and failure to confirm, and/or communicate its assessment of, his residency induced his justified reliance. He further asserts that were he aware that his use of the property was insufficient to coverage, he would have either altered his use or his insurance policy. (*Id.*). Plaintiff's claim of entitlement to equitable estoppel was also explored by the parties in oral argument during the Court's Final Pretrial Conference on October 6, 2025. As presaged in this Court's remarks during that conference, and for the reasons set forth herein, the Court finds this claim both procedurally flawed and without merit. An appropriate Order follows below.

---

[1] The Court notes that, pursuant to its Pretrial Order (Docket No. 93), this briefing was required for the purpose of informing the Court of the parties' long-delayed positions on damages.

1. **Procedural Posture**

Plaintiff did not raise this theory in his Complaint, nor did he include it in the Pretrial Statement due and filed on February 11, 2025. (Docket No. 65).[2] Nor did Plaintiff raise it during the two rounds of motions in limine that followed. Rather, he first proposed it in the recent pretrial filings noted above. He has sought no leave of court to raise this theory; he did not file a motion in any form.

It is well established that a trial judge possesses the discretion to prohibit parties from raising matters they have failed to advance during the pretrial proceedings. *See, e.g., Randolph County v. Alabama Power Co.*, 784 F.2d 1067, 1072 (11th Cir.1986), cert. denied, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 369–70 (4th Cir.1986).[3] The purposes behind Rule 16 and the myriad local rules governing the narrowing of issues for trial, *see, e.g.*, Rule 5, Local Rules of the Western District of Pennsylvania (evidence not disclosed in pretrial narratives generally not admissible at trial), are served by vesting this discretion in the trial judge. *See, e.g.*, *Sample v. Diecks*, 885 F.2d 1099, 1106–07 (3d Cir. 1989).[4]

---

[2] Local Rule 16.1c.4. provides that:

> "By the date specified in the Court's scheduling order, which generally will be no sooner than 30 days after the close of discovery (including expert discovery), counsel for the plaintiff or an unrepresented plaintiff shall file and serve a pretrial statement. The pretrial statement shall include:
>
> …
>
> f. a list of legal issues that the party believes should be addressed at the final pretrial conference;"

The only two legal issues referenced by Plaintiff are "1. Defendant should not be permitted to contest the amount of the cost to rebuild the home given the estimate provided by the Plaintiff is within the coverage and less than the estimate prepared by the Defendant in anticipation of such claim.  2. As the policy at issue does not contain the term "primary residence" the defendant should not be permitted to use the term 'primary residence' or question any witnesses on the term given the controlling language of the policy." (*Id.*).

[3] This is true regardless of whether a pretrial order under Rule 16 is entered by the judge. *Price v. Inland Oil Co.*, 646 F.2d 90, 96 (3d Cir.1981).

[4] *Cf. Militello v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-0240, 2016 WL 3254144, at *4 (M.D. Pa. June 14, 2016) ("if a judge has wide latitude in limiting parties to the issues that were raised pretrial, then it is only logical that discretion is even broader when a party completely fails to raise a claim prior to trial, proceeds through trial

The Court, having noted these procedural defects, will nonetheless proceed to address the issue on the merits.

**2. Plaintiff's Claim Is Without Merit**

Plaintiff's equitable estoppel theory asserts that even if Defendant's non-residence defense has a reasonable basis, Defendant misled Plaintiff into failing to meet the residency requirement (or into foregoing other insurance) in such a way as to make enforcement of that requirement unfair. Such a theory faces substantial hurdles under Pennsylvania law.

First, the Pennsylvania Superior Court has indicated - in *Wasilko v. Home Mut. Cas. Co.*, 232 A.2d 60 (Pa. Super. 1967) and again more recently in *Gemini Insurance Company v. Meyer Jabara Hotels LLC*, 231 A.3d 839 (Pa. Super. 2020) – that coverage limitations are not subject to implied waiver or estoppel in Pennsylvania. *See Gemini*, 231 A.3d at 854 (noting that "[t]he rule is well established that conditions going to the coverage or scope of a policy of insurance . . . may not be waived by implication from the conduct or action of the insurer" and that "[i]n Pennsylvania, the doctrine of waiver or estoppel cannot create [coverage] where none existed") (quoting *Wasilko*, 232 A.2d at 63).

Second, where an estoppel theory is permitted, its elements are exacting. As the Court of Appeals for the Third Circuit has summarized the case law:

> Under Pennsylvania law, equitable estoppel is a doctrine of fundamental fairness intended to preclude a party from depriving another of a reasonable expectation, when the party inducing the expectation knew or should have known that the other would rely to his detriment upon that conduct. In the insurance context, there must be such conduct on the part of the insurer as would, if the insurer were not estopped, operate as a fraud on some party who has taken or neglected to take some action to his own prejudice in reliance thereon. Accordingly, an insured must show (1) an inducement, whether by act, representation, or silence when one ought to speak, that causes one to believe the existence of certain facts; (2) justifiable reliance on

---

with the court and the opposition assuming that it is only pursuing its asserted claims, and then drops the bomb of trying to raise, for the first time, a brand new claim following trial as part of its declaratory judgment claim.").

that inducement; and (3) prejudice to the one who relies if the inducer is permitted to deny the existence of such facts.

*Nationwide Prop. & Cas. Ins. Co.*, 650 F. App'x 115, 118 (3d Cir. 2016) (brackets, quotation marks and citations omitted). As the *Wasilko* court succinctly concluded, "an insurer is not estopped to deny liability on a policy where the plaintiff was not misled by the defendant's conduct." *Wasilko*, 232 A.2d at 63.[5]

Plaintiff's proffer fails to identify sufficient facts to warrant application of equitable estoppel in this litigation/trial. Plaintiff's counsel summarized the supporting evidence as follows:

> But my direct recollection of Ms. Burnett's testimony was that when a house is newly acquired, they follow up to confirm that the insured has moved in, taken possession. And they didn't do that in this case. Between that and the inspection, where they didn't even attempt to talk to Mr. Jackson or it appears attempt to go inside, I believe that rises to the level of equitable estoppel under Pennsylvania law.

Transcript of October 6, 2025 Final Pretrial Conference at 97-98 (rough draft).

The two circumstances relied upon by Plaintiff are plainly insufficient to work an estoppel. As to the first, whether an insured has "moved in, taken possession" is not necessarily coextensive with whether he resides at the premises; and even if it were, Plaintiff has not proffered evidence that he was even aware of Defendant's alleged policy of confirming occupancy, let alone that he changed his course of conduct in reliance thereon. As to the second, again Plaintiff has not proffered evidence that he knew about the inspection (or its alleged cursory nature), let alone that he acted to his detriment in reliance thereon.[6] Taken separately or together, these circumstances

---

[5] *See generally Gerow v. State Auto Prop. & Cas. Co.*, 346 F.Supp.3d 769 (W.D. Pa. 2018) (rejecting insureds' assertions of both waiver and equitable estoppel where insurer approved (and made a partial payment on) a 2015 claim although the investigation file noted the property was empty, but denied a shortly subsequent claim citing, in part, absence of residency).

[6] Plaintiff also has not proffered evidence that a purpose of the inspection was to ascertain residence status (as opposed to, e.g., looking for physical damage or conditions that might affect the risk of loss). Moreover, it is difficult to see how a one-time inspection could reliably determine that status, which is based upon the nature and frequency of Plaintiff's interactions with the premises.

4

do not meaningfully support Plaintiff's assertion that Defendant's conduct reasonably induced him to stay at the subject premises less often, or to forego alternative insurance. *See Gerow* 346 F.Supp.3d at 784 (finding Plaintiff's assertion that "Defendant's silence regarding the residence premises condition prevented Plaintiffs from arranging for other insurance coverage" was insufficient to raise a genuine fact question of detrimental reliance).[7] *See also Merchants Mut. Ins. Co. v. Artis*, 907 F.Supp. 886, 892 (E.D. Pa. 1995) ("[P]rejudice may not be presumed, it must be conclusively established in order to effect an estoppel.").

WHEREFORE, the Court enters the following Order:

## ORDER

AND NOW, this 7th day of October, 2025, upon consideration of Plaintiff's assertions of entitlement to equitable estoppel as set forth above, IT IS HEREBY ORDERED that Plaintiff's recently requested inclusion of a theory of equitable estoppel – in jury instruction, verdict slip, or elsewhere in this litigation – is DENIED, and the parties are precluded from introducing evidence or argument for the purpose of supporting or opposing any contention as to Plaintiff's entitlement to equitable estoppel as to the issue of Plaintiff's residency.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All counsel of record

---

[7] *See also id.* (rejecting insureds' assertions of both waiver and equitable estoppel where insurer (1) approved (and made a partial payment on) a 2015 claim although the investigation file noted the property was empty, but (2) denied a shortly subsequent claim citing, in part, absence of residency).